UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| AMERICAN FIDELITY ASSURANCE COMPANY | CIVIL ACTION |
| VERSUS | NO. 18-8153 |
| THOMAS PAUL HERATY, ET AL. | SECTION A(4) |

**ORDER AND REASONS**

Before the Court is a *pro se* **Motion to Dismiss (Rec. Doc. 13)** filed by Defendant Aimee Thompson Milavic. Plaintiff American Fidelity Assurance Company ("American") opposes the Motion. (Rec. Doc. 16). The Motion, set for submission on January 9, 2019, is before the Court on the briefs without oral argument. Having considered the motion and memoranda of counsel, the opposition, the record, and the applicable law, the Court finds that the **Motion to Dismiss (Rec. Doc. 13)** is **DENIED** for the reasons set forth below.

**I.    Background**

In 2009, Donald Thompson purchased a $20,000 life insurance policy from American which insured the life of Donald Thompson. (Rec. Doc. 1 Complaint, ¶ 6). Thereafter, a loan totaling $2,691.24 was issued against the policy. (*Id*. at 11). Donald Thompson died around May 25, 2018. (*Id.* at 12). The loan remains unpaid; thus, the death benefit payable under the policy is subject to a reduction. (*Id.* at 11). American admits liability up to $17,308.76. (*Id.* at 15). Aimee Thompson Milavic submitted a Statement of Claimant form, and Thomas Paul Heraty requested American provide him with a claim form. (*Id.* at 13-14). American filed this interpleader naming Milavic and Heraty as Defendants. Milavic now moves this Court to dismiss this action for lack of subject matter jurisdiction. (Rec. Doc. 13, p. 1).

**II.    Legal Standard**

Federal courts are courts of limited jurisdiction and may only hear those cases authorized by the United States Constitution and federal statutes. *Coury v. Prot*, 85 F.3d 244, 248 (5th Cir. 1996). Rule 12(b)(1) of the Federal Rules of Civil Procedure provides that a party may assert that a court lacks subject matter jurisdiction. "A case is properly dismissed for lack of subject matter jurisdiction when the court lacks the statutory or constitutional power to adjudicate the case." *Home Builders Ass'n of Miss., Inc. v. City of Madison, Miss.,* 143 F.3d 1006, 1010 (5th Cir. 1998). "Courts may dismiss for lack of subject matter jurisdiction on any one of three different bases: (1) the complaint alone; (2) the complaint supplemented by undisputed facts in the record; or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts." *Clark v. Tarrant Cnty.*, 798 F.2d 736, 741 (5th Cir. 1986). The burden of proof on a 12(b)(1) motion is on the party asserting jurisdiction over the claim. *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001).

### III. Discussion

Defendant Milavic argues that American filed this action pursuant to 28 U.S.C. § 1332(a). (Rec. Doc. 13, p. 1). Milavic asserts that American does not cite federal question jurisdiction in the Complaint and that this Court lacks diversity jurisdiction because Donald Thompson was a Mississippi resident. (*Id.*). American responds by arguing that it identified 28 U.S.C. § 1335 as a basis for federal question subject matter jurisdiction in the Complaint. (Rec. Doc. 16, p. 2).

The Court finds that American properly plead subject matter jurisdiction pursuant to 28 U.S.C. § 1335. The statute provides in part:

> (a) The district courts shall have original jurisdiction of any civil action of interpleader or in the nature of interpleader filed by any person, firm, or corporation, association, or society having in his or its custody or possession money or property of the value of $500 or more…if,

> (1) Two or more adverse claimants, of diverse citizenship as defined in subsection (a) or (d) of section 1332 of this title, are claiming or may claim to be entitled to such money… and if (2) the plaintiff has deposited such money or property or has paid the amount of or the loan or other value of such instrument or the amount due under such obligation into the registry of the court.

American plead federal question subject matter jurisdiction pursuant to 28 U.S.C. § 1335, interpleader, in its Complaint. (Rec. Doc. 1 Complaint, ¶ 3). American issued a life insurance policy and had in its possession the remaining benefits totaling $17,308.76, an excess of $500. (*Id.* at 3). The two individuals named as Defendants are adverse claimants to the benefits. (*Id.*). Defendants have diversity of citizenship as Aimee Thompson Milavic is domiciled in Alabama and Thomas Paul Heraty is domiciled in Louisiana. (*Id.* at 2). The Court's registry received American's deposit totaling $17,651.52 on December 31, 2018. (Rec. Doc. 17). Defendant Milavic does not dispute any of these facts and allegations. The Court concludes that it has proper subject matter jurisdiction pursuant to 28 U.S.C. § 1335, interpleader.

**IV. Conclusion**

Accordingly;

IT IS ORDERED that Defendant's *pro se* **Motion to Dismiss (Rec. Doc. 13)** is **DENIED**.

New Orleans, Louisiana, this 7th day of February, 2019

JUDGE JAY C. ZAINEY
UNITED STATES DISTRICT JUDGE